UNITED STATES DISTRICT COURT   FILED
DISTRICT OF CONNECTICUT

2003 NOV 26  P 2:47

EDWARD PAGOGNA,
        Plaintiff

v.   3:01-CV-1681 (AHN)

OFFICER HANCOCK (Badge # 138)

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See also* Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986)(plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment). Although the moving party has the initial burden of establishing that no factual issues exist, "[o]nce that burden is met, the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial." Sylvestre v. United States, 771 F.Supp. 515, 516 (D.Conn. 1990).

In the present case, Plaintiff, as the non-moving party, has met his burden as to that portion of Defendant's Motion for Summary Judgment [Doc. No. 9] resting on the malicious prosecution claim, brought pursuant to 42 U.S.C. Section 1983, and the qualified immunity defense.[1]/ Accordingly, those

---

[1]/ Defendant did not move as to those portions of the Complaint claiming invasion of privacy, defamation, and the intentional or reckless infliction of emotional distress.

portions are hereby DENIED.  The Motion is hereby GRANTED as to the substantive due process claim.  See Graham v. Connor, 490 U.S. 386, 395 (1989)("Where a particular amendment provides a textual source against a particular sort of governmental behavior, that amendment [the Fourth], not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

    This case began with a stop at a motor sobriety check point at approximately 2:00 a.m. Christmas Eve morning, December 24, 2000, in West Haven, Connecticut.  The Plaintiff was stopped due to the fact that his was the third vehicle to arrive at the checkpoint, as had every other third driver.  He advised the officers that he had drunk two or three beers between the hours of 10:00 p.m., December 23, and 1:00 a.m. and that he had eaten at 1:00 a.m., December 24, 2000.  Defendant avers that, because the smell of alcohol emanated from Plaintiff and his eyes were bloodshot, he determined, along with another officer, to take the Plaintiff aside for a field sobriety test.  Plaintiff failed each part of the test, consisting of a horizontal gaze nystagmous examination, a walk and turn examination, and a counting while balancing on one foot examination. Defendant avers that he inquired of Plaintiff if there was any medical reason for his failure, to which the Plaintiff allegedly replied in the negative.

    Due to his failure to pass the field sobriety test, Defendant brought Plaintiff to the West Haven Police Department

in order to administer a breathalyzer test. Upon arrival, Defendant was advised that West Haven's breathalyzer was broken and that he would have to take the Plaintiff to the Orange, Connecticut, police station to use that department's equipment. When the parties arrived at that location, they found the Orange police station locked and unmanned. Accordingly, they had to wait until an Orange police officer had been called to let them in.

The Plaintiff submitted to his first breathalyzer test at 3:27 a.m. and, as protocol mandated, submitted to a second breathalyzer at 4:09 a.m. The results demonstrated quite clearly that Plaintiff was not intoxicated. Regardless of these results, Defendant then served Defendant with a misdemeanor complaint for operating a motor vehicle while under the influence of alcohol or drugs, in violation of Section 14-227a of the Connecticut General Statutes. Plaintiff was placed in a locked room, with an intoxicated individual lying on the floor, during "processing." Defendant next had his car towed and another officer drove Plaintiff home.

On January 11, 2001, Plaintiff appeared to answer the charge against him. The State's attorney, in reporting to the judge that the State was prepared to enter a nolle in the case, noted for the record that, "[w]hen he was taken to the department is [sic] tests were within the legal limit, therefore, the State cannot proceed on this charge." Based on this report, Plaintiff's counsel requested an outright dismissal of the

charge. The State's attorney inquired of his counsel as to whether Plaintiff admitted probable cause, to which Plaintiff's counsel answered in the affirmative. The judge advised the Plaintiff, that based on his acknowledgment of probable cause, he couldn't "sue because [he] was stopped and [he] had to go through that, but the charge may been dismissed." Nevertheless, this litigation followed.

The Court agrees with Defendant that "unless the [P]laintiff places this factual basis for probable cause in dispute, see Moore [v. Comensanas,] 32 F.3d [670], 673 [2d Cir.1994] (disputed facts supporting probable cause resolved by jury). . . ." his case is without merit. However, Plaintiff has indeed put the facts in dispute by submitting the reports of two physicians which explain why, for medical reasons, he failed the field sobriety test. He has also submitted an affidavit averring to a speech impediment which caused his speech to be slightly slurred. The fact that he "admitted" probable cause through his defense counsel in the criminal case could just as easily refer to the initial stop only, in that he had admitted drinking two to three beers. Perhaps if Defendant had served the misdemeanor complaint on Plaintiff at another time, probable cause would not be in dispute; however, the fact that Plaintiff was not served until after he had twice passed the breathalyzer test makes probable cause herein an issue of fact for the jury. Blood alcohol content at time of analysis is not blood alcohol content at the time of operating a motor vehicle, which itself is the time of

4

the actual offense. <u>Marshall v. Delponte</u>, 42 Conn.Supp. 602, 615 (1991), *aff'd.* 27 Conn.App. 346 (1992)(DWI statute and case law may not be construed to make time of offense any other time than while a defendant is operating a motor vehicle). Expert testimony is needed to relate the blood alcohol content at the time of the tests to the blood alcohol level at the time of operation of the motor vehicle. <u>State v. Geisler</u>, 22 Conn.App. 142, 162 (1990). Such expert analysis is absent from Defendant's moving papers and exhibits. Accordingly, for this reason also, summary judgment must be denied.

The defense of qualified immunity must also be submitted to the jury. A police officer's conduct is viewed in terms of the objective reasonableness of his belief that the challenged act was lawful. <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987). Whether "officers of reasonable competence could disagree" as to the lawfulness of Defendant's action, <u>Malley v. Briggs</u>, 475 U.S. 335, 340-41 (1986) is an inquiry, in this instance, for the jury. In the Second Circuit, summary judgment on qualified immunity grounds is only appropriate when "the defendant `show[s] that no reasonable jury, viewing the evidence in the light most favorable to the Plaintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law.'" <u>Kenneth Obert v. Vargo, et al.</u>, Doc. No.s 02-7805(L),-7905 (2d Cir. June 2, 2003) *citing* <u>Ford v. Moore</u>, 237 F.3d 156, 162 (2d Cir. 2001). In this action, the Court cannot make this finding as a matter of law; hence, summary judgment must be

denied.

Finally, the affidavit of Plaintiff's counsel is hereby ordered stricken from the record and sealed. It is further ordered that his memorandum of law in opposition to the motion for summary judgment be sealed. Plaintiff's counsel is admonished that he should avoid filing documents in this Court which attempt to slander by innuendo a judicial officer or a fellow attorney. Should there be a repetition of such conduct, sanctions will be considered.

SO ORDERED

_____

ALAN H. NEVAS

SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 26 day of November, 2003.